■     In the Matter of the Claim of FRED J. NOLETTE, Appellant, against LUTHER CHASE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which determined there was no causal relation between the accident and disability. Claimant, 49 years old, and a lumberjack by trade, was injured while working in the woods on June 29, 1954 when a power saw " bucked " or kicked back, wrenching his back and shoulders. The next day he began to be

"sore across his chest". He continued working but subsequently and on August 9, 1954, as the result of pain which he had been experiencing, consulted a doctor who determined he was suffering from a heart attack and directed him to a hospital. This doctor thereafter at a hearing testified there was causal relation between the condition and the accident. He was thereafter seen by a heart specialist who filed a report stating there was "possibly and probably" causal relationship and a report filed by a specialist for the carrier made a finding of relationship. Such testimony in most heart cases would be adequate to sustain an award. With the record as thus developed, the carrier asked for a continuance to file a report from its medical consultant, which was granted, with the case to be put back on the calendar after the report was received and the claimant was to file proof of earnings. The carrier thereafter filed a report from the claimant's and its own heart specialist in which they changed their opinions as to the prior statement of causal relation necessitated, they said, by a misunderstanding of the history as to when the pain was first experienced. Thereafter a notice was sent to the claimant which said nothing about medical reports or testimony but which directed claimant to produce proof of earnings and which was reported in writing at a subsequent hearing when neither the claimant nor his attorney appeared. At this time the Referee made a finding of no causal relationship and thereafter when on review the board stated: "Having considered the medical testimony recently submitted in conjunction with that previously in the record * * * the weight of substantial evidence fails to support * * * that there is causal relationship". Thus, it is readily seen that the claimant was foreclosed without the opportunity of examining the specialists on whom he had in part originally relied or in any other way rebutting their amended report of no relationship. No other testimony was introduced by the carrier. It is not necessary to determine how much reliance should be placed upon a restricted notice of hearing, such as the one herein, as the matter must be reversed and remitted on the quoted finding of the board as set forth above. The claimant not only submitted medical reports but produced the attending physician who stated there was causal relation. Medical reports submitted on behalf of the carrier without notice to the claimant are not sufficient to overcome such positive testimony. We considered a somewhat analogous matter recently. (See *Matter of Bochkarev* v. *Henry's Landscaping Serv.*, 10 A D 2d 398.) Decision reversed and matter remitted, with costs against the employer and State Insurance Fund. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.